# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY W. BROUSSARD,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0351-15-0673-I-1

DATE: August 26, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony W. Broussard</u>, Columbia, South Carolina, pro se.

<u>Greg Allan Ribreau</u>, Charlotte, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary reduction-in-grade appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant was employed as an EAS-21 Vehicle Maintenance Facility (VMF) Manager at the Columbia, South Carolina VMF. Initial Appeal File (IAF), Tab 1 at 7, Tab 9 at 68. During the first week of May 2015, the agency announced that it would be restructuring its VMF organization and that a reduction in force (RIF) might be necessary. IAF, Tab 9 at 48-49, 51-52, 58, 70-99. The appellant's position was one of the positions proposed to be eliminated. *Id.* at 89. On May 22, 2015, the appellant requested a noncompetitive reassignment to the posted EAS‑19 VMF Manager position at the Columbia, South Carolina VMF. *Id.* at 68. Effective May 30, 2015, the agency processed the appellant's noncompetitive placement in the EAS-19 VMF Manager position.[2] *Id.* at 66.

¶3      On July 6, 2015, the appellant appealed the reduction in grade to the Board and requested a hearing. IAF, Tab 1. The administrative judge informed the

---

[2] Although the appellant was reassigned to the lower-graded position, he received saved grade and pay for 2 years. IAF, Tab 9 at 64, 66, 91. Thus, his Postal Service Form 50 reflects that he occupies an EAS-21 level position. *Id.* at 64, 66.

appellant that an employee's acceptance of a lower-graded position generally is considered to be voluntary and not subject to the Board's jurisdiction, and ordered the appellant to submit evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 10. In response, the appellant contended that his acceptance of the lower-graded position was involuntary because he was forced to choose between accepting a reduction in grade or facing a "RIF that affected only [his] position in [his] very limited career field . . . with no chance of placement for over a hundred miles, and with an inevitable dismissal from the Postal Service." IAF, Tab 15 at 1-2. He also asserted that his decision to request a reassignment to a lower-graded position was based on erroneous or misleading information by agency management. *Id.*; IAF, Tab 19 at 1‑3. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that his acceptance of the lower‑graded position constituted an appealable involuntary reduction in grade. IAF, Tab 21, Initial Decision (ID).

¶4      The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to his petition for review. Petition for Review (PFR) File, Tabs 1, 3.

¶5      To constitute an appealable action, a reduction in grade or pay must be involuntary. *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 12 (2007). The Board will grant a hearing to determine whether an appellant involuntarily accepted a lower-graded position only if the appellant nonfrivolously alleges that his acceptance was the result of duress, coercion, or misrepresentation by the agency. *See id.* Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.* To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if

proven, could show jurisdiction, though mere pro forma allegations are insufficient to satisfy the nonfrivolous standard. *Id.*

¶6     As noted above, one way of overcoming the presumption of voluntariness is by showing that the appellant's acceptance of the lower-graded position was the product of coercion by the agency. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (discussing the standard in the context of an alleged involuntary resignation or retirement). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's acceptance of the lower-graded position, that the employee had no realistic alternative but to accept the lower-graded position, and that his acceptance was the result of improper acts by the agency. *See id.* However, "the doctrine of coercive involuntariness is a narrow one." *Id.* "[T]he fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Id.* In addition, the test for involuntariness is an objective one, requiring that a reasonable employee in the same circumstances would have felt coerced into acting similarly. *See generally Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

¶7     The appellant argues on review that, due to the agency's "decision to severely limit the competitive area" and its "callous disregard" of Office of Personnel Management (OPM) guidelines, he had "no reasonable choice other than to take a downgrade, or be released from service on the date specified in the agency's General RIF notice." PFR File, Tab 1 at 4-5. He further argues that "being forced to 'compete' for a similar level position hundreds of miles out of state and at great personal expense . . . is also not a 'reasonable' option in accordance with OPM guidelines." *Id.* at 6. As the administrative judge correctly determined, however, the appellant has failed to allege facts that, if proven, would establish that the agency acted improperly in setting the competitive area for the RIF. ID at 5‑6. Furthermore, as stated above, a choice between

unpleasant alternatives does not render an employee's choice any less involuntary. *Staats*, 99 F.3d at 1124; *Soler‑Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 9 (2002) (finding that the fact that the appellant was faced with either a demotion or a possible removal did not render her acceptance of the agency's proposal involuntary). Here, the fact that the appellant chose to accept the lower-graded position to avoid the potential impact of a RIF does not render his decision to accept the lower-graded position prior to the RIF period involuntary. *See Staats*, 99 F.3d at 1124.

¶8        An employee also may rebut the presumption of voluntariness by showing that his acceptance of the lower-graded position resulted from reasonable reliance on the agency's misinformation. *Herrin v. Department of the Air Force*, 95 M.S.P.R. 536, ¶ 10 (2004). A reduction in grade will be considered involuntary if the employee materially relied on the agency's misinformation, to his detriment, based on an objective evaluation of the surrounding circumstances. *Id.*

¶9        The appellant asserted below that his decision to request a reassignment to a lower‑graded position was based on erroneous or misleading information because a senior management official assured him that he would be promoted to a higher-graded position and that accepting the lower-graded position was merely a formality to allow him to stay on the agency rolls while the selections for the higher-graded positions were finalized. IAF, Tab 19 at 1-3. The administrative judge found, however, that the appellant failed to nonfrivolously allege that his acceptance of the lower-graded position was involuntary due to misinformation because he did not allege that the agency ever informed him that his chances for receiving a promotion following the reorganization were contingent upon his acceptance of a lower-graded position or that he would be separated if he remained in his former position rather than accepting the lower-graded position. ID at 6. The administrative judge also found that, even if the appellant had

remained in his former position and had been released from his competitive level during the RIF, he would have had reassignment rights that might have resulted in his being reassigned to a position that would have allowed him to remain on the agency's rolls to compete for the higher-graded positions. *Id.* Additionally, the administrative judge noted that, by the appellant's own admission, the agency offered the appellant one of the higher-graded positions resulting from the reorganization, but he rejected the offer because he refused to relocate from South Carolina to Gaithersburg, Maryland. ID at 6; *see* IAF, Tab 19 at 2.

¶10 The appellant argues on review that the administrative judge erred in finding that his acceptance of the lower-graded position was not involuntary due to misinformation because the RIF timeline indicated that employees in his position would be released by a specific date if they did not find a new position by then, and because, as a retired military veteran, he was not entitled to RIF protections and had no reassignment rights.[3] PFR File, Tab 1 at 6. As the administrative judge noted, however, the appellant admitted that the agency offered him one of the EAS-25 positions, which he declined. ID at 6; *see* IAF, Tab 19 at 2. Thus, even if, as the appellant alleged, the agency assured him that he would receive a promotion after he accepted the lower-graded position, he has failed to nonfrivolously allege that the agency provided him incorrect information

---

[3] The appellant submitted a copy of the June 2, 2015 General RIF Notice, which was not entered into the record below, showing that he was not eligible for veterans' preference rights for RIF purposes. PFR File, Tab 1 at 13. The appellant explained that he did not submit this document below because he was "under the assumptions that the Board was fully aware of the appellant's RIF status, to include rights, and protections, or in the case of a 'retired' Veteran, the lack of RIF protections," and asked that the document be entered into the record. *Id.* at 6-7. Generally, the Board will not consider evidence submitted for the first time with the petition for review, absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115. The Board, however, may consider such evidence if it implicates the Board's jurisdiction and warrants an outcome different from that of the initial decision. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013). After reviewing the appellant's evidence, we find nothing that warrants a different outcome.

because the agency in fact offered him a promotion less than 2 months after he requested reassignment to the lower-graded position.[4]    IAF, Tab 9 at 66. Moreover, the appellant's contentions on review provide no basis to disturb the administrative judge's findings that the appellant has not nonfrivolously alleged that he reasonably relied on the agency's misinformation to his detriment.  Even if his contentions on review are true—namely, that employees in his position would be released by a specific date if they did not find a new position by then and that he was not entitled to RIF protections or reassignment rights—he has failed to nonfrivolously allege that he is in a worse position than he would have been absent the agency's alleged misinformation regarding when he would receive a promotion.[5]  PFR File, Tab 1.  Thus, we agree with the administrative judge that the appellant's acceptance of the lower‑graded position was not involuntary based on misinformation.

¶11      An appellant's acceptance of a lower-graded position also may be considered involuntary if he did not have sufficient time to reflect about his alternative course of action before he was required to make his decision. *Soler‑Minardo*, 92 M.S.P.R. 100, ¶ 7.  Unreasonable time constraints have been found to constitute coercion.  *Id.*  The appellant appears to argue that the agency imposed an unreasonable time constraint of 21 days on him to either accept a lower-graded position or to be separated from service.  PFR File, Tab 1 at 7.

---

[4] Although the agency offered the appellant an EAS-25 position in Gaithersburg, Maryland, in July 2015, the appellant alleged that, when he applied for it, it was "posted as Domiciled within the Area selected."  IAF, Tab 19 at 2.  He stated that he later learned that "the requirements of the job changed after [it was] posted" and he would be required to relocate if he accepted the position.  *Id.*; *see* IAF, Tab 19, Subtab E.   The appellant has not nonfrivolously alleged, however, that agency management assured him that he would receive a higher-graded position at any particular duty station.  IAF, Tab 15 at 1-2, Tab 19 at 1-3.

[5] The RIF timeline provided by the appellant reflects that the deadline to accept a reclassification downgrade with 2-year saved pay was June 5, 2015.  IAF, Tab 19, Subtab A.

Even if the appellant's factual assertion is true, however, a 21-day period to consider his alternative course of action before he was required to make his decision is not an unreasonable time constraint. *See, e.g.*, *Soler-Minardo*, [92 M.S.P.R. 100](#), ¶ 10 (finding that a 10‑day period to decide between accepting a demotion or facing possible removal was not an unreasonable time constraint).

¶12 Finally, the appellant appears to argue on review that the administrative judge erred by failing to address his contention that the agency violated OPM's guidelines, which require Federal agencies to "make every effort to find similar leve[l] employment within commuting distance when Agency reorganizations are made." PFR File, Tab 1 at 8-9. Contrary to the appellant's assertion, the administrative judge considered the appellant's argument to the extent it pertained to the dispositive jurisdictional issue, i.e., whether the agency acted improperly as to render his acceptance of the lower-graded position involuntary. ID at 5. As discussed above, the administrative judge correctly determined that the appellant failed to nonfrivolously allege that his acceptance of the lower-graded position was involuntary, and therefore, the Board lacks jurisdiction over his appeal. ID at 5-6. We find that, absent an appealable action, the Board lacks jurisdiction to consider the appellant's challenges to the agency's reorganization. *See Maddox v. Merit Systems Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985) (explaining that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                    The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:    _____
             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.